863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
QUALITY CLINICAL LABORATORIES, INC. and Reginald B.
Henderson, Plaintiffs- Appellants,
v.
Edwin M. BLADEN, Patrick J. O'Brien, William E. Dennis,
Richard Van Dyne, Adolph McQueen, Jack S. Wing,
James R. Boughner, Thomas Fuller and
Gerald C. Szczepaniuk,
Defendants-Appellees.
 No. 87-2113.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1988.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from the district court's order granting summary judgment in favor of all but two of the defendants. For the reasons which follow, we affirm.
 
 I.
 
 2
 The plaintiffs, Quality Clinical Laboratories, Inc. ("Quality") and Quality's President, Reginald Henderson, filed this action in the United States District Court for the Eastern District of Michigan on November 26, 1985. The complaint named as defendants several employees of the State of Michigan's Economic Crime Division ("ECD") and set forth claims based on 42 U.S.C. Secs. 1981, 1983, 1985 (1982) as well as pendent state law claims. The complaint essentially alleged that the defendants' investigation and search of the plaintiffs' premises were racially motivated and, therefore, in violation of various state and federal laws.
 
 
 3
 In 1985, the ECD sent a letter to selected physicians which delineated the Michigan Medicaid False Claims Act ("the Act") and explained that a violation of the Act could lead to imprisonment or a fine. ECD maintains that the letter was sent to the physicians who used the three or four laboratories which generated the highest volume of Medicaid billings and that no particular laboratory was singled out for investigation. The defendants admit that they subsequently investigated Quality's medicaid billings, interviewed physicians who did business with Quality and Quality's bank, and searched Quality's laboratories. Quality, however, alleges that the medicaid fraud investigation was initiated because Quality is a black-owned company which primarily provides laboratory tests for black physicians.
 
 
 4
 In May of 1986, the defendants filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56(b). The district court subsequently entered an order which granted the motion as to all claims against all defendants except McQueen and Fuller. The district court specifically denied the defendants' motion as to the section 1983 (illegal search) claims against McQueen and Fuller. These claims are still pending in the district court and are not before us on review.
 
 II.
 
 5
 We must sustain a grant of summary judgment if the evidence shows that there are no genuine issues as to any material facts and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). Quality alleges that the district court committed several errors in granting the defendants' motions for summary judgment. However, because we find that there are no genuine disputes as to material facts, we reject all of Quality's allegations.
 
 A.
 
 6
 Quality contends that the defendants deprived it of the right under 42 U.S.C. Sec. 1981 to participate in the Medicaid program on the same terms and conditions as white owned laboratories. However, because there was no evidence in the record which indicated that the ECD treated white laboratories who were under investigation differently than it treated Quality, we find that the district court properly rejected this argument. We also reject Quality's contention that the ECD, in mailing the letter to physicians who did business with Quality, intentionally undermined Quality's contracts with those physicians. Since Quality is not mentioned in the letter and since there is no evidence in the record which indicates that the letter was sent with the intent to undermine Quality's contractual relationships, the district court properly dismissed this claim.
 
 
 7
 Quality also contends that the defendants intentionally undermined its banking relationship. Although it seems that Quality may have been denied a loan from a bank based on the ECD investigation, there is no evidence that anyone from the ECD encouraged the bank to withdraw its loan or that, in fact, anyone from the ECD knew that Quality had been approved for a loan. Thus, we also find that the district court properly dismissed this claim.
 
 B.
 
 8
 We also find that the district court properly granted summary judgment in favor of all but the two remaining defendants as to Quality's section 1983 illegal search claims. The district court found that McQueen and Fuller were most directly involved in the search of Quality's laboratories. The claims against those defendants are still pending in the district court. Since we agree that the remaining defendants had little, if any, involvement in the decision to search Quality's laboratories, we affirm the district court's ruling on this claim.
 
 C.
 
 9
 Finally, we conclude that the district court properly dismissed Quality's claims brought under 42 U.S.C. Sec. 1985. Because we find no evidence that individual ECD members discriminated against Quality, we also find that there is no evidence of a conspiracy at the ECD to deprive Quality of any right or privilege.
 
 III.
 
 10
 Because we find that there is no genuine dispute as to any material fact regarding the claims dismissed below, the judgment of the district court is hereby AFFIRMED.